UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN PRESSLEY, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-08-450
:
C.O. HUBER, et al., : (Judge Kosik)
:
    Defendants :

## **MEMORANDUM**

Plaintiff Sean Pressley, an inmate currently confined at the State Correctional Institution at Mahanoy, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 10, 2008. Named as Defendants are Jeffrey Beard, Secretary of the Department of Corrections, and Correctional Officer Huber, Unit Manager Marsh and Grievance Coordinator Taggart, all employees at the State Correctional Institution at Camp Hill (SCI-Camp Hill). Also named as a Defendant is Donald Kelchner, Superintendent at the State Correctional Institution at Rockview (SCI-Rockview). In the complaint, Plaintiff alleges that Defendants violated his constitutional rights when they deprived him of personal property, retaliated against him and denied him access to the courts. Presently pending is Defendants' motion to dismiss the complaint (Doc. 10). For the reasons that follow, the motion will be

granted in part and denied in part.

I. **Background**

Plaintiff states that in the year 1999, he filed a lawsuit in the United States District Court for the Western District of Pennsylvania. He states that following a trial conducted in that case in 2003, there was a verdict in favor of the defense. Thereafter, Plaintiff states that he filed an appeal to the United States Court of Appeals for the Third Circuit. In June of 2003, Plaintiff states that he was transferred to SCI-Camp Hill. It appears that prior to that time, he was confined at SCI-Rockview. He claims that Defendant Kelchner, Superintendent at SCI-Rockview, authorized a request that Plaintiff had submitted to have his excess legal materials, regarding his ongoing lawsuit, stored.

In March of 2005, Plaintiff claims that Defendant Huber confiscated all of his storage files. Plaintiff filed grievances and wrote letters to Defendants Marsh and Taggart asking that his filed be preserved because he intended to fully appeal any adverse decisions on his lawsuit. He claims, however, that Marsh and Taggart failed to act, and that his files were destroyed by Huber less than thirty (30) days after they were taken. It is Plaintiff's belief that his files were destroyed in retaliation for filing grievances and litigation. In November of 2006, Plaintiff states that the Third Circuit Court of Appeals dismissed his appeal that was pending there on the basis of failure to prosecute.

Based on the foregoing, Plaintiff contends that the Defendants have violated his constitutional rights. He first contends that Huber denied him access to the courts when he confiscated and destroyed his files. He further contends that Huber denied him personal property without due process of law. He also contends that Huber engaged in retaliation when he confiscated his files. Plaintiff claims that Defendants Marsh and Taggart violated his constitutional rights when they failed to act upon his grievances and letters, and that these Defendants, along with Defendants Kelchner and Beard, failed to properly train and supervise Huber which resulted in the confiscation and destruction of his legal files. Plaintiff seeks monetary relief.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. In reviewing a motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)(quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002). Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.

1997); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Although the moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2007), the plaintiff has an obligation to allege facts sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). Furthermore, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, Id. at 1960. When evaluating a motion to dismiss, a court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" Evancho v. Fisher, 423 F.3d 347, 354-55 (3d Cir. 2005). Finally, when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 127 S. Ct. at 1960, the complaint should be dismissed. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

## III. Discussion

Defendants first move to dismiss the complaint on the basis that Plaintiff's claims are barred by the statute of limitations. In reviewing the applicability of the

statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n.9 (3d Cir. 1996); Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa), aff'd 101 F.3d 691 (3d Cir. 1996)(Table). Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp.); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir.), cert. denied, 474 U.S. 950 (1985). Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)(citations omitted).

The complaint in this action was filed on March 10, 2008. As such, at first glance it would appear that any and all claims arising prior to March 10, 2006, would be barred by the applicable statute of limitations. The court agrees that Plaintiff's claims of property denial/confiscation and retaliation are barred by the statute of

5

limitations. However, in the instant action some of the claims raised by Plaintiff are access to the courts claims. To state a viable claim for denial of access to the courts, a plaintiff must allege actual injury. Lewis v. Casey, 518 U.S. 343 (1996). Plaintiff argues that although it appears that his claims arose outside of the applicable statutory period, his injury was not discovered until sometime in November of 2006, when the Third Circuit dismissed his appeal for failure to prosecute. As such, he claims that his access to the courts claim falls within the statutory period. The court agrees and, as such, will allow Plaintiff's access to the courts claim to proceed.[1]

Defendants also move to dismiss any claims set forth against all Defendants except Huber on the basis of failure to allege personal involvement. It is a well established principle that under § 1983, a plaintiff must show that each and every defendant was "personal[ly] involve[d]" in depriving him of his rights. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir .2005). There is no liability for a supervising or reviewing defendant based on the theories of respondeat superior or vicarious

---

[1] With this said, the court in no way expresses an opinion as to the ultimate merits of Plaintiff's access to the courts claim. While Defendants do raise a res judicata argument in their motion to dismiss with regard to Plaintiff's access to the courts claim, the court rejects said argument for the following reason. Defendants cite to numerous lawsuits Plaintiff has previously filed which raised various claims of denial of access to the courts. However, it appears that each of the prior lawsuits referenced by Defendants were filed prior to November of 2006, when the injury alleged in the instant action giving rise to the denial of access to the courts claim arose.

6

liability. <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976).

In applying the foregoing principles, it is clear that the complaint should be dismissed with regard to all Defendants except Defendant Huber. Plaintiff merely alleges liability on the part of Defendants Kelchner and Beard due to their supervisory positions. In fact, the only allegation set forth against Kelchner is that he approved Plaintiff's request to have his materials stored prior to his departure for SCI-Camp Hill. The only allegations set forth against Defendants Marsh and Taggart are that they failed to act upon Plaintiff's letters/grievances. The complaint sets forth no allegations that any of the Defendants, with the exception of Defendant Huber, personally directed the deprivation of Plaintiff's rights, or had actual knowledge and acquiesced in any such deprivation. Accordingly, for the reasons set forth above, the motion to dismiss the complaint will be granted in part and denied in part. Plaintiff's claim of denial of access to the courts will proceed against Defendant Huber. Huber will be directed to file an answer to the complaint within twenty (20) days. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN PRESSLEY, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-08-450
:
ADAM HUBER, et al., : (Judge Kosik)
:
    Defendants :

# ORDER

**NOW, THIS** 11th **DAY OF FEBRUARY, 2009,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' Motion to Dismiss (Doc. 10) is **granted in part and denied in part.** The motion is **granted** with regard to all claims set forth against Defendants Marsh, Taggart, Beard and Kelchner. The motion is further **granted** with respect to the claims of property confiscation and retaliation set forth against Defendant Huber. The motion is **denied** with respect to the access to the courts claim set forth against Defendant Huber.

2. Within twenty (20) days from the date of this Order, Defendant Huber shall file an answer with regard to the access to the courts claim.

                                        /s/ Edwin M. Kosik
                                        EDWIN M. KOSIK
                                        United States District Judge